## Case No. 16,462.

UNITED STATES v. THIRTY–FOUR BARRELS WHISKEY.

[9 Int. Rev. Rec. 169; 16 Pittsb. Leg. J. 54.]

District Court, D. Massachusetts. Nov., 1868.

### INFORMERS — DEPUTY COLLECTORS.

A deputy collector of internal revenue happened to see improperly branded whiskey unloading at a warehouse, and gave information which led to its forfeiture. *Held,* that he was the informer, and entitled to his distributive share. U. S. v. One Hundred Barrels Distilled Spirits [Case No. 15,946], cited and affirmed.

[Cited in U. S. v. 278 Barrels of Distilled Spirits, Case No. 16,581; U. S. v. Simons, 7 Fed. 714.]

At law.

W. D. A. Whitman, for the informer.
W. A. Field, for the United States.

LOWELL, District Judge. Mr. Sanderson, a deputy collector under the internal revenue law, happened to observe some barrels of whiskey unloading at a warehouse in Boston, within his district, and that they were not properly branded. He detained them, and reported the facts to the collector, who, after examination, proceeded against a part of them, and those proceeded against have been forfeited.

In a recent case I had occasion to consider how far inspectors and some other officers of the internal revenue service may be informers. In that case (U. S. v. 100 Barrels of Distilled Spirits [Case No. 15,946]), after examining the question whether officers could ever be informers, and saying that they might be so, but not in competition with strangers who have really given them the clue to the discovery, I said: "In my view the cases in which an officer may be an informer are, when he incidentally, and not in the direct prosecution or course of his duty, or of any special retainer for that purpose, makes a discovery; as if an inspector put on board a vessel merely to keep the cargo safely, discovers smuggled goods concealed, or where an officer set to inquire into a particular charge discovers something entirely different and before unsuspected; or where he is told by some one as a friend, and not as an officer, of facts which his informant, not wishing to be known, refuses to bring forward himself, but tells him for the very purpose of enabling him to give information in his own name; in these cases an officer may be an informer. I do not at present think of any others." That case related to inspectors and assistant assessors, and it is now suggested by the district attorney that collectors are the officers charged by law with the general care and supervision of all matters arising under the internal revenue laws within their respective districts, and that it is their duty to prosecute for all forfeitures, and that all other persons having information of any breach of the law should report to them. In short, that they are the government so far as this subject is concerned, and cannot inform themselves, but are bound to prosecute upon their own knowledge as well as upon information derived from others. And that deputy collectors have, in subordination to the collectors, the like powers, duties and responsibilities.

Upon consideration I am not able to see that deputy collectors are in any worse position in this respect than other officers of the revenue service. The claims of all officers ought to be looked at with great care to see that neither the government nor any private persons are deprived of their just rights. I hold that no officer can become an informer by reason of his incidentally learning new facts touching the subject matter which his duty, general or special, has required him to investigate, nor by reason of facts communicated to him by private persons with a view to bringing the facts to the knowledge of the government. I intend to adhere to my former decisions upon this subject of which I have made at least three of like purport. But when a deputy collector comes

fairly within the rule applied to inspectors and other officers, I am of opinion that he may be an informer. The act of July 1, 1862, § 31 (12 Stat. 444), makes it the duty of collectors and deputy collectors, to prosecute for any sums which may be forfeited by virtue of the act, and they may be sued for in the name of the United States, or of the collector, and when recovered, one moiety shall be to the use of the United States, and the other moiety to the use of the person who, if a collector or deputy collector, shall first inform of the cause, matter or thing, etc. Section 59 of the same act imposes a penalty on persons who carry on certain trades without license, and gives one moiety of the penalty to the United States, and the other to the person who, if a collector, shall first discover, or if other than a collector shall first give information of the fact whereby said forfeiture was incurred. The next law upon the subject is section 179 of the act of June 30, 1864 (13 Stat. 305), and resembles section 31 of the former, excepting that the action is to be in the name of the United States, and never of a collector; but here, too, the only informers mentioned are collectors and their deputies. This section is amended by the act of March 3, 1865, § 1 (14 Stat. 483), by striking out the words, "if a collector or deputy collector" thus giving the moiety to the person who shall first inform, etc. The law now in force is that of July 13, 1866, § 9 (14 Stat. 145), which gives the secretary of the treasury power to make regulations concerning the amount, but in other respects is substantially like the law of 1864 as amended by that of 1865.

This view of the acts of congress seems to me to show that the legislature at first intended only to stimulate the zeal of those officers who were bound to prosecute, that is collectors and their deputies; but has since decided to throw open this prize to general competition. Under the law as it stood from 1862 to 1865, not only were these officers entitled to be informers but they were the only persons who could be informers, excepting in license cases, and if in taking away their exclusive rights, congress had intended to deprive them of all rights, they would have said so. The acts of 1862 and 1864 clearly include them under "persons" and the repeal of the condition that they are to be the only persons, as clearly leaves them within the general designation. Under the customs acts the informer is the person who first gives information to the collector, but under the internal revenue laws there is no such express definition. Under the customs laws the collector has ex officio a share in all forfeitures, and so have the naval officer and surveyor; and when the statute says that any person who, not being a surveyor or naval officer, gives information to the collector, he shall be deemed an informer, it is the natural and almost necessary construction that the collector himself to whom the infor-

mation is given, and who, like the surveyor and naval officer is already provided for, shall be himself excluded. Neither the words nor the equity of the statute now under review require any such construction. The general provision of all our statutes favors officers, and it would be a harsh and unjustifiable construction of this act, considering its very general terms and its history, to shut out any class of officers from its benefits.

If I am rightly informed the treasury department has uniformly acted upon the rule contended for by the deputy collector. This consideration has the more weight in this case, because the contracts of deputy collectors concerning their compensation may be based upon it, and because the secretary of the treasury is by law authorized to decide the rights of informers when money has been paid without suit, or before judgment, so that his decision has the effect of a conclusive finding in those cases.

Upon the whole I am clearly of opinion that collectors and deputy collectors of internal revenue may, under proper restrictions such as this court will apply to all officers, become informers under the statute of July 13, 1866. It is admitted that Mr. Sanderson's case is clear of any suspicion or doubt upon its merits and I adjudge him to be the informer in this cause.